FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN DREASHER, on behalf
of himself and those similarly
situated,

        Plaintiff,                              CASE NO.: 6:17-cv-1288-ORL-41-TBS

vs.

PAUL E. WALSH TRUCKING, INC., a
Florida Corporation, and PAUL WALSH,
Individually,

        Defendants.        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN DREASHER, and those similarly situated, by and through the undersigned attorney, sues the Defendants, PAUL E. WALSH TRUCKING, INC., a Florida Corporation, and PAUL WALSH, Individually, and alleges:

1. Plaintiff, BRIAN DREASHER, and those similarly situated, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, BRIAN DREASHER, and those similarly situated, was an employee who worked at Defendants' property within the last three years in Orange County, Florida.

3. Plaintiff, BRIAN DREASHER, and those similarly situated, worked for Defendants as a piece rate truck driver receiving 23% of the job value.

4. Plaintiff, BRIAN DREASHER, and those similarly situated, are non-exempt

1

employees and therefore entitled to overtime wages for overtime hours worked.

5. Defendant, PAUL E. WALSH TRUCKING, INC., is a Florida for profit Corporation that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant, PAUL E. WALSH TRUCKING, INC., is a delivery company. Specifically, Defendant hauls/delivers landscaping materials, wood, mulch and other goods around the Central Florida area to residential and commercial locations.

7. At all times relevant to this action, PAUL WALSH was an individual resident of the State of Florida, who owned and operated PAUL E. WALSH TRUCKING, INC., and who regularly exercised the authority to: (a) hire and fire employees of PAUL E. WALSH TRUCKING, INC.; (b) determine the work schedules for the employees of PAUL E. WALSH TRUCKING, INC., and (c) control the finances and operations of PAUL E. WALSH TRUCKING, INC.. By virtue of having regularly exercised that authority on behalf of PAUL E. WALSH TRUCKING, INC., PAUL WALSH is/was an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, PAUL E. WALSH TRUCKING, INC., earned more than $500,000.00 per year in gross sales.

11. Defendant, PAUL E. WALSH TRUCKING, INC., employed approximately twenty (20) employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, PAUL E. WALSH TRUCKING, INC.,

employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as fill dirt, rock, gravel, muck, wood debris, tires, concrete, and other items used to run the business.

13. Therefore, at all material times relevant to this action, Defendant, PAUL E. WALSH TRUCKING, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. Additionally, Plaintiff, BRIAN DREASHER, and those similarly situated, are individually covered under the FLSA.

### FLSA Violations

15. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff, and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated, for all overtime hours worked.

16. During his employment with Defendants, Plaintiff, and those similarly situated, was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-

18 above as though stated fully herein.

20. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

21. During his employment with Defendants, Plaintiff, and those similarly situated, worked overtime hours but was not paid time and one-half compensation for same.

22. Plaintiff, and those similarly situated, was paid a straight 23% value of each load delivered regardless of how many overtime hours were worked in the workweek.

23. Additionally, Defendants had a policy preventing employees from clocking in until their truck was loaded up. Specifically, employees were required to arrive at the Defendant's place of business to retrieve a truck. Employees then had to drive to a secondary location to fill said truck before setting out to deliver those materials. Employees routinely had to wait in excess of an hour before they could receive the materials.

24. Defendants have failed to provide accurate overtime compensation for numerous pay periods.

25. Defendants did not have a good faith basis for their decision not to pay Plaintiff, and those similarly situated, full overtime compensation.

26. In addition, Defendants failed to post the required informational listings for the Plaintiff, and those similarly situated, and other employees pursuant to the FLSA.

27. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated, has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those

similarly situated, is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN DREASHER, and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 28 day of June, 2017

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff