UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN DREASHER,

    Plaintiff,

v.                                Case No:   6:17-cv-1288-Orl-41TBS

PAUL E. WALSH TRUCKING, INC. and
PAUL WALSH,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court without oral argument on the parties' Joint Motion for Approval of Settlement (Doc 19). After due consideration, I respectfully recommend that the motion be **granted**.

### I. Background

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. case. From October 15, 2013 through September 28, 2016, Plaintiff Brian Dreasher was employed fulltime as a driver by Defendant Paul E. Walsh Trucking, Inc. (Doc. 15 at 1-2). Defendant Paul Walsh is the President of Paul E. Walsh Trucking, Inc., and was Dreasher's immediate supervisor (Id., at 1; Doc. 9, ¶ 7). Dreasher says he was paid $7 or $15 per load but his pay statements indicate that he was earning $12 per hour (Id.). He claimed that he worked approximately 15 hours of overtime per week for 115 weeks for which he is owed $3,626.69 in unpaid overtime (Id., at 2). Dreasher also claimed entitlement to an equal amount in liquidated damages together with his attorney's fees and costs (Id.).

After Dreasher filed his complaint, Dean Mathews and Shane Toole, both of whom also drove for Defendants, consented to join in the action (Doc. 4; Doc. 16 at 1; Doc. 17

at 1). Mathews claims $1,144.50 in unpaid overtime plus liquidated damages, attorney's fees and costs (Doc. 16 at 2). Toole claims $7,830 in unpaid overtime plus liquidated damages, attorney's fees and costs (Doc. 17 at 2).

Defendants deny liability and affirmatively allege, *inter alia*, that they are exempt from the FLSA; that Plaintiffs' claims are barred by the Portal-to-Portal Act ("PTPA"), 29 U.S.C. §§ 254, 259; Defendants acted in good faith in conformity with and in reliance upon written regulations, rulings, practices and policies of the Administrator of the Wage and Hour Division of the United States Department of Labor; and they lacked any willfulness or intent to violate the law and thus, are not liable for liquidated damages (Doc. 9 at 5-8).

Plaintiffs and Defendants have negotiated compromises and settlements of these disputes, and the parties have entered into separate but substantially identical settlement agreements (Doc. 19). Under these agreements, Dreasher will receive $3,000 in taxable wages; Mathews will receive $826 in taxable wages; and Toole will receive $1,100 in taxable wages (Id., at 3). Plaintiffs' attorney will receive a total of $3,574 in fees and costs (Id., at 4).

## II. Discussion

*The FLSA*

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of

section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

*The Standard of Review*

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the

- 3 -

action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

*Analysis*

The parties contend, and I agree, that there exists a bona fide dispute in this case over several issues, including Defendants' exemption defense under 29 U.S.C. § 207, the defenses asserted under the PTPA, the computation of damages, the number of overtime hours worked by Plaintiffs, and Defendants' "good faith" defenses. Now at issue is whether the terms of the parties' settlement agreements (Doc. 19-1), are fair and reasonable.

*(a) The Settlement Amounts*

This case involves disputed issues of FLSA liability which constitute bona fide disputes. The parties are all represented by counsel of their own choosing, and Plaintiffs are satisfied with the amounts they will be receiving if these settlement agreements are approved. Plaintiffs also acknowledge that they are receiving "full payment for all hours worked while employed by Defendants …" (Doc. 19-1 at 3, 11, 19). This is sufficient to satisfy me as to the reasonableness of the settlement amounts.

*(b) The Absence of Liquidated Damages*

Plaintiffs are agreeing to compromise and settle their claims without the receipt of liquidated damages. Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages … in an additional equal amount as liquidated damages."). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith[1] and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer

---

[1] The FLSA has established a good faith defense to the award of liquidated damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act … the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)].

29 U.S.C. § 260.

has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'").

"To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)). "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective components.'" Dybach, 942 F.2d at 1566; see 29 C.F.R. § 790.22. When the employer fails to prove that it acted in both subjective and objective good faith, the award of liquidated damages is mandatory. Davila, 717 F.3d at 1186.

An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 70 (1945) (An employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages).

Here, the parties agree that Plaintiffs were paid for the hours they recorded and reported to Defendants (Doc. 21 at 1). Because Defendants calculated and paid Plaintiffs wages based upon the hours actually reported by Plaintiffs, the parties agree that Defendants acted in good faith and in a reasonable manner (Id.). The parties do not cite any case holding that liquidated damages may be waived on this ground. Still, I find that

the parties' agreement on these facts supports a finding that Defendants acted in good faith, and that they had reasonable grounds for believing they were not violating the FLSA. Accordingly, I respectfully recommend the district judge approve these settlement agreements despite the absence of liquidated damages.

### (c) The Payment of Taxes

The Settlement Agreements provide that Plaintiffs are responsible for the payment of all taxes applicable to the settlement payments they receive (Doc. 19-1 at 4-5, 12-13, 20-21). The parties also agree that Plaintiffs are solely responsible for paying all taxes and penalties related to the settlement payments (Id.). In response to my inquiry, the parties have confirmed, in writing, that Defendants, not Plaintiffs, are responsible for their share of the taxes due in connection with the settlement payments (Doc. 21 at 2).

### (d) The Releases

Plaintiffs are releasing Defendants "from any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during employment with Defendants, known or unknown, including but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, country, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay." (Doc. 19-1 at 3, 11, 19). I find these releases to be sufficiently narrowly tailored to pass judicial scrutiny.

### (e) Remedies for Breach of the Settlement Agreement

The Settlement Agreements provide that in the event of a breach, the non-

breaching party is entitled to direct and consequential damages, specific performance, injunctive relief, attorney's fees, and costs (Doc. 19-1 at 6, 14, 22). In response to my inquiry, the parties have confirmed, in writing, their understanding that the Court's approval of these settlement agreements does not constitute a finding that they are entitled to any specific remedy in the event of a breach (Doc. 21 at 2).

### (f) Attorney's Fees and Costs

Pursuant to 29 U.S.C. § 216(b), "[t]he court in [an FLSA action] shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In a collective FLSA action, "the Court must determine the reasonableness of attorneys' fees to minimize the conflicts that may arise between the attorney and the plaintiffs." Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 655 (S.D. Ala. 2013) (citing Piambino v. Bailey, 610 F.2d 1306, 1328 (5th Cir.1980)).

The settlement agreements provide for the payment of $1,191.33 in attorney's fees and costs in connection with each settlement (a total of $3,573.99) (Doc. 19-1 at 4, 12, 20). As the parties represent that these amounts were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and the settlement is otherwise reasonable on its face, further review is not required. Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1227, 1228 (M.D. Fla. 2009), Even if Bonetti did not apply, I find these amounts to be fair and reasonable for representation of the three Plaintiffs here.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED,** the settlement agreements be **APPROVED**, and the case be **DISMISSED**, with prejudice.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record